## SOUTHERN LUMBER COMPANY *v.* EDWARDS.

1. The court did not err in permitting a witness to testify, over defendant's objection, as to the price of lumber made from trees of a stated kind, though there was no direct evidence to show that the trees of this kind cut from the lands of the plaintiff had been manufactured into lumber; for there was evidence that trees of the kinds specified had been cut on the lands of the plaintiff and hauled therefrom by the defendant, and the jury were authorized to find that they were carried to the defendant's sawmill, and to infer, from all the circumstances, that they were manufactured into lumber.

2. The portion of the charge excepted to upon the ground that it contains an intimation of opinion by the court is without merit, when the excerpt set forth in the motion is construed in connection with that part of the charge immediately following it, and which is to be construed in connection with the portion of the charge excepted to.

3. Where an action of trespass was brought to recover damages for the cutting and felling of timber of specified kinds, but pine timber was not included, and no damage was asked in the petition for cutting and felling of pine timber, but there was evidence to show that a certain number of pine trees had been cut and that the value of these pine trees was a fixed, definite amount, it was error for the court to give to the jury instructions whereby they would be authorized to find for the plaintiff the value of the pine trees; but inasmuch as the court in this case, after a verdict for the plaintiff, refused a new trial upon condi-

tion that the plaintiff would write off the proved value of the pine trees, the verdict should not be disturbed on account of the error in the charge, in case the plaintiff writes off the amount indicated.

No. 4518.  DECEMBER 13, 1924.

Equitable petition.  Before Judge Sheppard.  Bryan superior court.  July 21, 1924.

*J. P. Dukes,* for plaintiff in error.

*W. F. Slater* and *Deal & Renfroe,* contra.

BECK, P. J.  A. H. Edwards, the owner of certain lands, executed a timber lease of the land to Perman Smith, wherein the owner sold and conveyed unto the lessee, his heirs and assigns, "all the pine timber fourteen inches at the stump, and all cypress timber, all poplar timber, and sufficient gum timber to cut three cars of gum timber," on the lands leased.  By a subsequent assignment the Southern Lumber Company became the holder of this lease, with all the right and title of the original lessee thereunder in and to the timber upon the land described.  The Southern Lumber Company entered upon the land in the exercise of its right and cut timber therefrom to be manufactured into lumber at a sawmill.  Subsequently the owner of the land brought suit against the Southern Lumber Company, claiming that the defendant had the right, under the terms of the lease, to cut only pine and cypress timber, as specified in the lease, and in addition thereto three cars of gum timber, and that the defendant had exceeded its rights and committed a trespass by cutting and felling timber which it was not authorized to cut and fell; that it had cut some 400 gum trees over and above the three carloads to which it was limited by the terms of the lease, and had cut a large number of oak trees which were not included in the lease, and had committed other acts of trespass.  The suit was for injunction and damages.  On the trial of the case the jury returned a verdict for the plaintiff for the sum of $1000.  The defendant made a motion for new trial; and after hearing the same the judge rendered the following judgment: "The within motion, together with the grounds of the amendment, coming on to be heard, under proper order, and it appearing that the pleadings in the above cause did not cover the item for pine timber, and it appearing from the record that there were 79 pine trees for which damages were claimed at 50 cents per tree, it is ordered that the plaintiff write off the verdict and judgment the

sum of $39.50; thereupon the motion for new trial is refused." To this judgment the defendant excepted.

1. The original motion for new trial in this case contains the usual general grounds. In the first ground of the amended motion exception is taken to the ruling of the court by which a witness was permitted, over the defendant's objection, to testify that "the price of maple lumber was from $35 to $40 per thousand feet, the price of white bay lumber from $12 to $15 per thousand feet, the price of oak timber from $30 to $60 per thousand feet." The objection to this testimony was that there was no evidence in the case that the defendant manufactured maple, white bay, or oak into lumber from timber taken from the land of plaintiff. The court did not err in admitting this testimony. Although there may be no direct evidence in the record that the defendant manufactured maple, white bay, or oak into lumber, there is evidence that the defendant cut timber of this character from the lands, and the jury were authorized to find from the circumstances of the case that timber of this character, felled on the lands of the plaintiff, was hauled to the sawmill of the defendant company, which was engaged in the manufacture of timber.

2. Exception is also taken to the following charge of the court: "Now as to the question of the price to be paid. Where one commits a wilful trespass, knowingly and wilfully (and wilful means in that regard with evil intent—the purpose to inflict damage and to take it regardless of right), then the person so damaged would be entitled to market value without regard for its improvements in putting it into marketable shape. In other words, as I understand what that means to be, where a person in this kind of case, where a person enters upon your land wilfully and knowingly and cuts and carries away your timber and manufactures it into lumber and ships it off and gets a certain price for it, why then you would be entitled to recover that market price for it, regardless of whatever he may have done in his improving of it." The exception to this charge is that it contains an intimation or expression of opinion of the court upon the question to which this charge relates. We do not think so. It is urged by counsel for movant that this expression, in that part of the charge quoted, "as I understand what that means to be, where a person in this kind of case, where a person enters upon your land wilfully and knowingly and cuts

and carries away your timber and manufactures it into lumber,"
etc., contains an intimation that the plaintiff had proved that the
trees had been manufactured into lumber, and an intimation that
this case was one in which a wilful trespass had been committed.
Standing alone, this excerpt from the charge might be open to the
criticisms made; the jury might possibly have inferred that the
court was intimating an opinion, by the use of the expression last
quoted. But when the entire portion of the charge excepted to is
taken in connection with other portions of the charge, it must
have been clear to the jury that in the use of the expression, "in
this kind of case," the court was referring to cases of this charac-
ter,—that is, cases of trespass generally, and not to the particular
case on trial. For in immediate connection with the sentence which
is under criticism the court charged the jury (and this instruction
is to be regarded as a continuation of what was said in the preced-
ing sentence) : "Now that is the measure of damages for a wilful
trespass. Of course, it must be shown by a preponderance of the
evidence that the property taken was put into a merchantable
shape; but whatever it may be, whether it was taken and sawed
and things of that kind and put into marketable shape that way,
the person who took it would not be authorized to deduct, and
you would not be authorized, if you find that the plaintiff is entitled
to recover, you would not be authorized to deduct anything for
whatever may have been done in improving its condition or putting
it in a more valuable state, you would not be authorized to deduct
anything for that. Of course, you must determine all of this from
the evidence, and to what extent it was manufactured; and the
burden of proof is on the plaintiff to show, first, that the trespass,
if there was a trespass, that it was a wilful trespass, and that the
property was manufactured, and to what extent manufactured; and
if it was a wilful trespass, then you would not be authorized to
deduct anything for the manufacture up to the point to which it
was manufactured, and you would be authorized to give the market
value of the property regardless of whatever expense may have been
put on it in putting it on the market, if it was done. Of course,
if it was not a wilful trespass, if the party acted in good faith,
under a bona fide claim of right, then the question of wilfulness
would not be charged against the defendant, even if he did commit
a trespass; in other words, if he took something he had no right

to take, but at the same time if he took it believing bona fide that he had the right to take it, why you would be authorized to find damages for the property taken, and it would be your duty to give the defendant credit, if you find that the plaintiff is entitled to recover, if the trespass was not wilful trespass, then the plaintiff would be entitled to recover for the market value less the expense of manufacturing or the improvement that was put on it or the expense of putting it into that condition. In other words, if the trespass is a wilful one, it is the market value in the condition in which it was marketed at the time; if it was a wilful trespass, it was that value; and if it was not a wilful trespass, then it would be your duty to give the market value having due regard to the cost of manufacture, and then when you arrived at the amount, if you find from all the facts and circumstances of the case that Mr. Edwards is entitled to recover, then you would find out what amount, as far as the evidence may disclose, what amount is due; and then you would look to the other feature of it as to the set-off of the claim of damages by the defendant, the Southern Lumber Company, and see what, if anything, they are entitled to, and then you put the one against the other, and if there is a difference in favor of Mr. Edwards, the plaintiff, why then you would return a verdict in his behalf for whatever you find after deducting, if you find anything to be deducted. Then on the other hand, if you should find, after considering all the facts and circumstances and taking these questions into consideration and the offsetting of the one against the other, if you find that the balance is in favor of the defendant, why, then you would find for the defendant the difference between the offset as claimed by the defendant, if you find the evidence warrants it. In other words, you take this question under the principles of law given and determine what, if anything, either of these parties is entitled to, and wherever the excess may be, whichever side, why then you return it in favor of that side. Of course, if one just balances the other, why then you would return a verdict in favor of the defendant without giving any amount to either party."

Taking the entire charge together upon this subject, the jury could not but have understood that they were to determine the issue from a preponderance of the evidence, both in passing upon the question as to whether there was a wilful trespass or not, and as to whether the timber had been manufactured into lumber. Of

course, if in the excerpt from the charge excepted to there had been a distinct error committed, a correct charge in a subsequent portion of the court's instructions would not have cured the error, unless the court had called the jury's attention to the error and stated to them that the subsequent instructions were in lieu of the erroneous instructions given. But where a part of a charge or a single sentence is excepted to, and in immediate connection with that there follow instructions that show clearly what the court meant by the instructions claimed to be erroneous, and the entire charge taken together is not erroneous as against the complaining party, then the movant fails to show injury by the charge, or that it was harmful as to him.

3. In the remaining ground of the amended motion complaint is made of that part of the charge in which the court submitted to the jury the right of the plaintiff to re— r for pine timber. This charge is excepted to upon th^ ^ others, that under the pleadings the plain^^ over damages for the cutting a^ ^ :e charge "sought to  ^ not contending."  e now under con- the grant of a judgment ren- ordered and ver the item ': there were ' per tree,"^ the full ^t appear ^mount, accepts ^roved ^irect the ^ler. is