### 15936.　Shealey v. Wilder et al.

Bell, J. 1. In an action of trover for the recovery of the value of lumber manufactured from trees cut by the defendant from the lands of the plaintiffs, if the defendant was a wilful trespasser the plaintiffs may recover the full value of the property at the time of demand or suit brought without deduction for labor or expense. Civil Code (1910), § 4515 (1). If the defendant claims a reduction of the damages by reason of his good faith, the burden is upon him to show the facts necessary to the establishment of such defense. *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (4) (63 S. E. 270).

2. In the present action, which was of the character indicated above, the evidence authorized the inference that the defendant had cut and removed from the lands of the plaintiff seventy-one trees, and that all of them had been manufactured into lumber. It did not conclusively appear that the conversion was in good faith. The proof established with sufficient certainty the quantity of lumber made from twenty-five of the trees, and that the value of the same was not less than $248.50, the amount of the verdict. The verdict was therefore authorized, irrespective of whether the evidence showed with sufficient definiteness the quantity of lumber made from the remainder of the trees.

3. There was no error *against the defendant* in the charge of the court which instructed the jury that if the conversion was wilful, the plaintiff's measure of damages would be the market value of the property at the time of the conversion, although it is provided in the code that in such a case the measure would be the full value of the property at the time and place of demand or suit brought. Proof of a demand and a refusal in a trover suit is only necessary in order to furnish evidence of the conversion, and is not essential to a recovery if a conversion is otherwise shown. *Young* v. *Durham*, 15 *Ga.* App. 678 (5) (84 S. E. 165). The defendant was not harmed by an instruction which limited the measure of the recovery to the value of the property at the time of its conversion.

4. There was no material difference between the court's charge to the effect that if the cutting of the timber was done innocently, the measure of the recovery would be the "fair market value of the trees sued for, at the time of its conversion," and the provision of the section of the code cited above, that where the defendant is an unintentional or innocent trespasser the measure of the recovery shall be the value at the time of the conversion, less the value which he has added to the property. While the plaintiffs sued not for trees, but for the value of lumber manufactured therefrom, it is not cause for a new trial that

the court, in charging as above upon the defense that the cutting was innocent, made use of the expression "the trees sued for."

5. The court did not err in overruling the motion for a new trial.

        *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

                DECIDED APRIL 17, 1925.

Action for damages; from Colquitt superior court—Judge W. E. Thomas. August 23, 1924.

*James L. Dowling,* for plaintiff in error.

*Hoyt H. Whelchel,* contra.