27839. TAYLOR *et al. v.* HAMMACK.

DECIDED FEBRUARY 7, 1940.

*E. L. Smith, T. T. Molnar,* for plaintiffs.
*A. L. Miller, Lee Miller Jr.,* for defendant.

GUERRY, J. ■ The plaintiffs alleged that the defendant entered upon their lands and cut and removed therefrom logs which he manufactured into lumber in a named number of feet of an alleged value. They prayed for a full recovery of the value of the manufactured product. They afterward tendered an amendment in which they asked that, inasmuch as the cutting and removal of the logs had been wilful, they have judgment, in addition to that sought by the original petition, for $1000 as punitive damages and $200 as attorneys' fees. The amendment was disallowed, and the plaintiff. excepted. At the conclusion of the evidence the court directed a verdict for the defendant, and error is assigned thereon.

The measure of damages in cases like this, where the plaintiff sues to recover the value of the timber, is fixed by the Code, § 105-2013, as follows: "Where plaintiff recovers for timber cut and carried away, the measure of damage is: 1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense. 2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property."

The petition in the instant case alleges that the defendant was a wilful trespasser, and under such a state of facts the plaintiffs are entitled to recover the full value of the manufactured product of the timber, without any deduction for labor or expense in such manufacture. The action here is not on the theory of a trespass on the realty, in which case the damages would be measured by the diminished value of the real estate, unless the value of the trees cut plus any incidental damage to the land exceeded the diminution in the market value of the land in which case the higher measure would be allowable. *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344(2-a) (63 S. E. 270). The action is one in trover, and the measure of damage is as stated above. The court properly disallowed the amendment seeking to recover punitive damages and attorneys' fees. *Milltown Lumber Co.* v. *Carter,* supra.

As set out in the second headnote of the within opinion, which is quoted from *Milltown Lumber Co.* v. *Carter,* supra, the plaintiff is not required to allege that the trespass in cutting and removing the timber was wilful or innocent. If he alleges a wilful trespass, his suit does not fail if it develops that the trespass was inadvertent or in good faith, though this fact may give the defendant the right of set-off. Where a trespass and removal of timber are shown, and a suit is instituted for the full manufactured value of the lumber, the burden is on the defendant, where a taking is shown, to establish that the taking was unintentional or in good faith, and also the value that has been added to the property by the expenditure of labor and money on it. Unless this be shown, the plaintiff whose property has been converted is entitled to the full value of the property in its manufactured state. The petition as drawn originally would have authorized a verdict on such a state of facts. The error in sustaining that part of the demurrer as to punitive damages and attorneys' fees was harmless.

Without quoting extensively from the evidence, we find that the plaintiffs produced sufficient evidence to create an issue of fact for the jury to pass on. There was evidence that the agent of the defendant cut the timber on the plaintiffs' land and hauled it away in trucks of the defendant, just as he was doing with the timber on the adjoining tracts which he was cutting for the defendant. The defendant contended that he had not cut over on the plaintiffs' land, but that others were cutting in that vicinity, and that the

cutting done on the plaintiffs' land was not done by him. There was evidence by the plaintiffs that no one but the defendant's agent cut the timber on the plaintiffs' land. The jury would have been authorized to accept this evidence, and it at least would have authorized a verdict for the actual stumpage value of the timber cut at the time it was cut. It was error to refuse to allow the jury to pass on this issue.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*