31406. DeBARDELABEN *v.* COLEMAN.

FELTON, J. 1. In an action for damages for the cutting and carrying away of timber, in which the plaintiff alleged the cutting was wilful, the measure of damages is the full value of the property at the time and place of demand or suit without deduction for the defendant's labor or expense (Code, § 105-2013; *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344, 63 S. E. 270); provided, of course, that the evidence shows such value.

2. Such an action on its face is one for the full value of the property and the good faith and innocence of the defendant is a matter of defense whether or not the plaintiff alleges wilfulness. *Milltown Lumber Co.* v. *Carter*, supra.

3. In such an action the plaintiff is not entitled to recover punitive damages as are provided for in the Code, § 105-2002. *Taylor* v. *Hammack*, 61 *Ga. App.* 640 (7 S. E. 2d, 200); *McConnell Bros.* v. *Slappey*, 134 *Ga.* 95 (8) (67 S. E. 440); *Tennessee, Alabama &c. Ry. Co.* v. *Zugar*, 193 *Ga.* 386 (18 S. E. 2d, 758). It follows that a plaintiff may not circumvent the law just stated by merely proving value at the time of conversion and seeking punitive damages under the Code, § 105-2002, in addition. As stated in the cases cited the Code, § 105-2013, fixes a special measure of damages in such actions for wilful misconduct, which is exclusive and not inconsistent with § 105-2002. The court therefore erred in charging the jury upon the question of punitive damages, and in overruling the motion for a new trial.

4. There is no merit in the other assignments of error.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*

DECIDED SEPTEMBER 21, 1946.

*Gordon B. Gann, Gordon M. Combs,* for plaintiff in error.
*Dorsey & Hames, Willingham, Cheney, Hicks & Edwards,* contra.