## 32025. COOPER *v.* BROCK.

DECIDED MAY 22, 1948.

R. S. Foy, Christopher & Futral, for plaintiff in error.

Hubert Calhoun, Hatcher & Hatcher, contra.

SUTTON, C. J. (After stating the foregoing facts.) In special ground 1 of the motion for a new trial error is assigned on the admission of testimony of J. Warren, witness for the plaintiff, who testified that the value of pine lumber at the time and place in question was $50 per thousand board feet. The defendant contended that because the petition did not allege that the defendant "wilfully" cut and carried away the trees, the measure of damages was the value of the trees when cut and severed from the land, and not the manufactured value, and therefore this evidence was inadmissible. Special ground 2 assigns error on the refusal of the court to permit Lester Ichard, a witness for the plaintiff, to testify on cross-examination as to the stumpage value of the trees. The court ruled: "Damages under the ruling of the court are restricted to the value of the lumber." Error is assigned in special ground 3 because the court refused to permit the defendant to testify that the plaintiff had offered to sell all the saw timber and pulpwood on the land to him for $2500, and in special ground 4 because the court refused to permit the defendant to testify as to the value of the trees per thousand board feet, at or about the time this suit was filed.

Where a case is in default "the plaintiff, at any time on or after the first day of the term to which the case is returnable, shall be entitled to verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence, and his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages, whether ex contractu or ex delicto, in either of which events the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury, and the defendant may contest the amount of such damages before a jury, with the right to move for a new trial in respect to such damages, and also to except as in other cases." Code (Ann. Supp.), § 110-401 (Ga. L. 1946, pp. 761,

777). Code, § 105-2013 provides "Where plaintiff recovers for timber cut and carried away, the measure of damage is: 1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense. 2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property." In *Taylor* v. *Hammack*, 61 *Ga. App.* 640, 641 (7 S. E. 2d, 200), this court ruled that "the plaintiff is not required to allege that the trespass in cutting and removing timber was wilful or innocent. If he alleges a wilful trespass, his suit does not fail if it develops that the trespass was inadvertent or in good faith, though this fact may give the defendant the right of set-off. Where a trespass and removal of timber are shown, and a suit is instituted for the full manufactured value of the lumber, the burden is on the defendant, where a taking is shown, to establish that the taking was unintentional or in good faith, and also the value that has been added to the property by the expenditure of labor and money on it. Unless this be shown, the plaintiff whose property has been converted is entitled to the full value of the property in its manufactured state." The court said, in *Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344, 352 (63 S. E. 270), "In trover cases, such as we have been discussing, the innocency and good faith of the defendant . . are material only as a basis of an affirmative defense of set-off. Therefore, if the plaintiff . . sues in trover for his timber, or for products manufactured from it, he may recover the highest proved value, unless the defendant pleads a set-off of the improvements he has placed upon it and successfully carries the burden of proof as to this plea. . . It follows also, from what we have said above, that the plaintiff suing in trover for timber cut and carried away and manufactured into lumber need not allege whether the defendant's trespass was wilful or not. The conversion is the gist of his case. . . The defendant may reduce, but not defeat, the recovery, by showing his good faith and the enhancement of the value of the property at his expense." Also see *DeBardelaben* v. *Coleman*, 74 *Ga. App.* 261 (39 S. E. 2d, 589); *Shealey* v. *Wilder*, 33 *Ga. App.* 745 (127 S. E. 805). It is alleged in the

petition in the case at bar that the defendant wrongfully cut, manufactured into lumber, and carried away the trees in question; and it appears from the allegations of the petition and the exhibit attached thereto that he was obliged to know that he was not entitled to cut and carry away any trees under ten inches in diameter at the stump. Consequently, when he cut the trees here involved, knowing that he had no right to do so, he was a wilful trespasser, for a wilful trespasser may be defined as one who knows that he is wrong, in doing such an act as here complained of. See *Tennessee, Alabama & Ga. Ry. Co.* v. *Zugar*, 193 *Ga.* 386 (3) (18 S. E. 2d, 758). But the present case is in default and the defendant is estopped from contesting the merits of the case. He can only defend as to the amount of the damages, that is, as to whether or not the market value of the timber in its manufactured form at the time of the filing of this suit was less than the amount alleged and proved by the plaintiff. He was not entitled to introduce evidence as to the value of the trees in question while they were standing in the woods, or as to the stumpage value of the trees. The assignments of error in special grounds 1, 2, 3, and 4 all relate to the measure of damages and are without merit, and the court did not err in overruling these grounds of the motion for a new trial.

The evidence as to the amount and the market value of the manufactured lumber at the time of filing the suit was uncontradicted, it being admitted by the plaintiff in error that the lumber had been sold by him at $50 per thousand feet, and the amount of damages was conclusively established. This being the only question in issue before the court, there was no error in directing a verdict for the plaintiff for the amount of the value of the lumber at the time of the filing of the suit.

The plaintiff in a trover action is not entitled to recover interest, eo nomine, and this principle of law is conceded by counsel for defendant in error in this case. That part of the verdict and judgment so awarding interest to the plaintiff in this case is contrary to law. Therefore, the judgment is affirmed with direction that the interest be written off.

*Judgment affirmed with direction. Felton and Parker, JJ., concur.*