32098.   McCANN LUMBER COMPANY *v.* HALL *et al.*

456

DECIDED JULY 16, 1948.

457

*J. H. Highsmith, R. L. Dawson,* for plaintiff in error.

*T. Ross Sharpe, G. H. Williams,* contra.

TOWNSEND, J.   (After stating the foregoing facts.)   ■   Special ground 1 contends that the trial court erred in refusing to allow counsel for the defendants to ask the plaintiff, Steve M. Hall, on cross-examination, whether or not an agent for the defendant, McCann Lumber Company, had offered to pay the stumpage value for the timber cut from the lands of the plaintiffs by the defendants.   It appears that counsel for the plaintiffs had previously asked Steve M. Hall on direct examination, whether any officer, director or employee of McCann Lumber Company had offered or tendered this payment, and the witness, without objection, had replied in the negative.   This evidence is contended by the defendants to be admissible to show an unintentional cutting in good faith.

Special ground 12 of the amended motion for a new trial contends that the trial court erred in refusing to allow W. F. McCann, a witness for the defendant, to testify to the effect that he had offered to pay for this stumpage.

Since special grounds 1 and 12 raise the same question, they are considered together.

Although the evidence related to an effort to settle the amount in controversy, it was admissible under the circumstances, on the question of the good faith of this defendant in committing the trespass, and should have been admitted as against the objection made to it.   The court erred in excluding it.

■   Special grounds 2 and 3 of the amended motion for a new

trial contend that the trial court erred in allowing witnesses for the plaintiff, over objections of counsel for the defendants, to testify as to the value of the lumber manufactured from the timber taken from the lands of the plaintiffs by the defendants, it being contended that there is no evidence to show that said timber was ever manufactured into lumber.

Special grounds 9 and 11 contend that the trial court erred in charging the jury to the effect that the value of the lumber was a factor for their consideration in determining the measure of damages, it being contended that there is no evidence that the timber was ever manufactured into lumber.

It is further contended that the petition makes a case of trespass *quare clausum fregit* and not an action in trover based upon the conversion of the timber, and for that reason the manufactured value of the timber was irrelevant.

The petition alleges that the defendants entered upon lands of the plaintiffs, wilfully cut certain timber therefrom, specifying the lands, quantities and values, and then alleges that the defendants are liable for the manufactured value of the same on the date of the cutting and removing of said timber, "which is the above values extended."

In *Southern Lumber Co.* v. *Edwards,* 159 *Ga.* 363 (1) (supra), the following is held: "The court did not err in permitting a witness to testify, over the defendant's objection, as to the price of lumber made from the trees of a stated kind, though there was no direct evidence to show that the trees of this kind cut from the lands of the plaintiff had been manufactured into lumber; for there was evidence that trees of the kinds specified had been cut on the lands of the plaintiff and hauled therefrom by the defendant, and the jury were authorized to find that they were carried to the defendant's sawmill, and to infer, from all the circumstances, that they were manufactured into lumber."

The brief of the evidence in the instant case discloses that a witness for the defendants, C. C. Morris, testified that the logs were sawed into lumber after they were taken to the mill. The superintendent of McCann Lumber Company testified that the logs were carried to the mill. The evidence also discloses that McCann Lumber Company was in the business of manufacturing and selling lumber.

There is an abundance of evidence in the record from which the jury could infer that the timber from the lands in dispute was manufactured into lumber and sold by McCann Lumber Company, and the record discloses no evidence to the contrary.

The allegations of the petition, in the absence of a special demurrer, are ample to allege that the timber was manufactured into lumber.

If the petition in fact alleged a case of trespass *quare clausum fregit*, the measure of damage would be the damage done to the realty, and the manufactured value of the timber would be immaterial.

On the other hand, if the case sounds in trover the manufactured value of the lumber was material.

A petition alleging that the plaintiffs own certain land, that the defendants entered upon the same and wilfully cut and carried away therefrom a certain quantity of timber and manufactured it into lumber of a certain market value, and seeking a judgment in the sum of such value, is an action in trover and not a suit in trespass *quare clausum fregit*. See *Taylor* v. *Hammack*, 61 *Ga. App.* 640 (supra).

As has heretofore been pointed out, the plaintiffs in such a suit, prove the case where they show by competent evidence that they own the land, that the defendants cut therefrom certain timber, carried it to the sawmill of one of the defendants, and prove the quantity of the timber, and the value of the lumber manufactured therefrom, entitling the plaintiffs to recover the full market value of the manufactured product without deduction for the value added to the property by the defendants through the expenditure of labor and money thereon.

Such proofs casts the burden upon the defendants to prove that, (1) the trespass was unintentional, or done in good faith; and (2) the value that has been added to the property by the expenditure of labor and money thereon. Unless both of these are shown, the plaintiffs in such case, are entitled to recover the full value of the property in its manufactured state.

Thus, in such a case, it is evident that even if it develops that the trespass was unintentional and in good faith, the suit does not fail, and the plaintiffs are still entitled to recover the value of the property in its manufactured state, but less whatever value

the evidence discloses has been added by the expenditure of labor and money. If there is no evidence showing such added value the recovery would be for the value of the manufactured product. See *Taylor* v. *Hammack,* supra.

It was not, therefore, error for the court to admit evidence of the market value of the timber in its manufactured state over the objection that there were no pleadings or evidence to show that the timber had been manufactured into lumber. Nor was it error to admit such evidence over the objection that the petition made a case of trespass *quare clausum fregit* instead of trover for the conversion of the timber.

Likewise, the charges complained of in special grounds 9 and 11 were not erroneous as against assignments of error made upon the same grounds.

There is no merit in the other assignments of error made in special grounds 9 and 11 of the amended motion for a new trial.

■ Special ground 4 of the amended motion for a new trial contends that the trial court erred in admitting in evidence, over the objection of counsel for the defendants, the record of a plat contained in a Minute Book of the Superior Court of Toombs County, upon the grounds that the orginal plat is the highest and best evidence, and that if its absence is properly accounted for a certified copy of the minutes is the primary evidence, it being contended that the minutes themselves are not admissible.

While the minutes of a court are not admissible in the evidence, over timely objection, a certified copy thereof being the primary evidence, yet the copy of the plat contained in the minute book introduced in this case was admissible because this plat was exhibited to one of the plaintiffs while on the witness stand, and he testified that he was familiar with the lands and that the plat in question was a correct representation of such lands. The plat should have been admitted as a necessary part of and in connection with this evidence.

■ Special ground 5 of the amended motion for a new trial contends that the trial court erred in admitting in evidence, over the objection of counsel for the defendants, a plat of the lands in question because, although it was contended the plat was a part of the processioning proceedings, the proceedings themselves were not tendered in evidence along with the plat, and further

that there is no evidence upon which it could be determined that the plat was a part of the processioning proceedings.

This plat, besides showing the property in question, also contains the following: "State of Georgia, Toombs County. The above plat represents a line between lots Nos. 8 and 9 of the tract of land lying in the fork of Cobbs Creek and Altamaha River and also the northern line of lots 9 and 10, the same having been surveyed and subdivided as the property of the late Nicholas Smith in the year 1914, the same lying and being in the 43rd, G. M. District. The above mentioned surveyed by order of Joe H. Wolfe, N. H. Hart and Sam Conner, on June 26, 1947. D. J. Stanley, Surveyor Number 339." "Recorded Minute Book B, Page 319 Office Ordinary Toombs County, Georgia."

It appears from the record that the plat in question was certified by the Ordinary of Toombs County. It also appears that the land line in dispute was regularly established by the processioners on or about the date of this plat, that the surveyor making the plat was the county surveyor, who had also made the original survey referred to in the above quoted certificate.

The evidence is sufficient to establish that the plat was made as a part of the processioning proceedings for the purpose of showing the line established and marked by the processioners.

Such a plat is admissible without tendering into the evidence the entire proceeding. See Code, § 85-1606.

If the defendants desired to attack the processioning proceeding as being illegal for any reason, or to exclude the plat because of a faulty processioning of the land line, the burden was upon them to lay a proper foundation by introducing supporting evidence, establishing such contentions. This plat was admissible.

■ Special ground 6 of the amended motion for a new trial contends that the trial court erred in excluding evidence of an auditor of the defendant, McCann Lumber Company, to the effect that all the timber that the McCann Lumber Company ever procured from any and all lands, during the period of time in question, in Toombs County, was 151,570 feet, a vast majority of which came from lands other than that of the plaintiffs; the contention of the defendants being that the auditor based this testimony on the measurements of two other witnesses who measured the timber and lumber and furnished him their original

books showing the same. Counsel for the defendants contend that this testimony was admissible to throw light on the quantity of timber that came from the lands of the plaintiffs.

If the evidence had been admitted, and the jury had believed it, the verdict of the jury would have been substantially reduced, because it tended very strongly to corroborate the defendants in their contention that the quantity of timber taken from the lands of the plaintiffs was only a small part of the amount claimed by the plaintiffs. The foundation for this evidence had been laid by the log checkers, who furnished the auditor with the quantity of timber taken from Toombs County. The court erred in excluding this evidence.

■ Special ground 7 of the amended motion for a new trial contends that the trial court erred in refusing to permit the auditor of the defendant, McCann Lumber Company, to testify that said company paid for only 151,570 feet which was all the timber covering the period of time in question that came from all the lands in Toombs County from which said defendant procured timber. The witness testified that these payments were made by check, the objection being that the canceled checks by which these payments were made would be the highest and best evidence.

The canceled checks were the highest and best evidence of such payment, and the court did not err in excluding the parol evidence of such payment.

■ Special ground 8 of the amended motion for a new trial contends that the trial court erred in charging Code § 38-107 relating to where the preponderance of evidence lies, and omitting therefrom the provision that the jury may consider all the circumstances of the case.

In close and doubtful cases where the evidence is in sharp conflict it is sometimes error to fail to charge all of Code § 38-107, same being the Code section on the determination of where the preponderance of the evidence lies, when a part thereof has been charged. See *Fountain* v. *McCallum*, 194 *Ga.* 270 (12) (supra); *Renfroe* v. *Hamilton*, 193 *Ga.* 194 (supra).

However, since the instant case is to be tried again and since this error is unlikely to recur, it is unnecessary to determine whether or not the same is so harmful as to require a reversal.

The better practice is, in charging on the subject of where the preponderance of the evidence lies, to charge all of Code § 38-107.

Special ground 10 of the amended motion for a new trial contends that the verdict of the jury was so excessive as to evidence bias and prejudice on the part of the jury rendering the same. In view of the fact that a new trial will be necessary, there is no need of passing upon this ground of the motion for a new trial.

The other assignments of error contained in the various grounds of the motion for a new trial are without merit, and since the case is being reversed on special grounds, the general grounds are not considered.

The trial court erred in overruling the motion for a new trial as amended for the reasons set out in headnotes *1 and 5* and the *1st and 5th* divisions of this opinion.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*