33686, 33687.   HESTER *v.* LOVE; and *vice versa.*

Decided October 4, 1951.   Rehearing denied November 19, 1951.

766

*L. H. Foster, Cain & Smith,* for plaintiff in error.

*Jesse J. Gainey, James T. Gainey,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Considering the judgment excepted to in the main bill of exceptions by which the answer as finally amended was stricken, our judgment is controlled by that of this court in *Love* v. *Nixon,* supra, as to all allegations contained in the answer and all amendments thereto relating to the procurement of the contract by alleged fraud. Although the allegations of fraud here are set forth more in detail and some of the allegations are not specifically contained in *Love* v. *Nixon,* supra, there are nevertheless no allegations of fraud in the procurement of this contract that, tested by the decision of this court in the *Nixon* case, can be

held to be sufficient to vitiate the contract. The judgment of the trial court sustaining the demurrer to those allegations of the answer by which it is sought to show that the contract was procured by fraud is without error.

■ The answer denied paragraph 4 of the petition in which it is alleged that the defendant breached said contract and refused to take said grapevines and pay for them. However, in the same answer the defendant admitted the execution of the contract and then therein, and thereafter in all amendments, contends that the contract was procured by fraud; that therefore he was justified in refusing to accept the vines and refusing to make payment therefor, and that this refusal does not constitute a breach of his contract. This denial therefore must be construed to be limited to this position of the defendant and not taken as a denial that he refused to take and pay for the grapevines, as this latter fact is admitted throughout the answer and amendments thereto, but sought to be justified on the ground that the contract was void because procured by fraud. Where a plea both admits and denies the execution of a contract which binds the pleader, the admission and not the denial must prevail. *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464 (65 S. E. 315). The trial court properly construed this denial in connection with the allegations of fraud in the procurement of the contract and his judgment striking this portion of the answer is without error, since, as herein pointed out and as decided by this court in the *Nixon* case, the allegations of fraud were insufficient to constitute a valid defense to the action.

■ The answer denies the allegation of the petition that the plaintiff "has retained said grapevines for defendant and is now entitled to recover from defendant the purchase price of same in the sum of $400" and, by amendment, further alleges that the plaintiff did not retain the vines but on the contrary threw them in a ditch and abandoned them, so that they died immediately thereafter. In a suit of this kind the plaintiff may elect to retain the goods and recover the difference between the contract and market price at the time and place of delivery; he may sell the property and recover the difference between the contract price and price of resale, or he may retain the property for the vendee and sue him for the entire price. Code § 96-113.

The measure of damages, and often the amount of damages, will vary with his election, and the defendant has a right to deny this and prove that the measure of damages sued for is not correct under the evidence. However, the entire answer having been stricken, the defendant is legally in default. *Pierce* v. *Jones*, 36 *Ga. App.* 562 (3) (137 S. E. 296). In such case he is precluded from offering evidence to prove that the measure of damages elected by the plaintiff is erroneous. *Cooper* v. *Brock*, 77 *Ga. App.* 152 (1) (48 S. E. 2d, 156). His denial that the plaintiff stored the commodity purchased for his benefit is thus a substantial issue in the case, and it is error to strike a plea which, though defective in other respects, properly presents a substantial issue. *Hicks* v. *Hamilton*, 3 *Ga. App.* 112 (2) (59 S. E. 331). With the exception of that part of paragraph 1 of the answer, and paragraph (f) of the amendment of January 9, the amended answer offers no defense to the plaintiff's petition. The trial court erred, however, in striking the entire answer, which did contain one denial as to a substantial issue in the case.

*Judgment reversed on the main bill of exceptions. Judgment reversed in part and affirmed in part on the cross-bill of exceptions. MacIntyre, P.J., and Gardner, J. concur.*