J. D. SUDDERTH, d/b/a S & W Body Works, and Hyatt Parts & Supply Company, Appellants,

v.

NATIONAL LEAD COMPANY, Appellee.

No. 17825.

United States Court of Appeals Fifth Circuit.

Dec. 3, 1959.

H. A. Stephens, Jr., Atlanta, Ga., Glyndon C. Pruitt and Merritt & Pruitt, Buford, Ga., Smith, Field, Doremus & Ringel, Atlanta, Ga., of counsel, for appellants.

Edward L. Savell, Atlanta, Ga., Woodruff, Latimer & Savell, Atlanta, Ga., of counsel, for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

Appellee National Lead Company, a New Jersey corporation, brought this diversity action against Robert E. Poss and J. D. Sudderth, resident citizens of the State of Georgia, and Hyatt Parts & Supply Company, a corporation of that state. Its basis was damages for the alleged wrongful conversion by Poss of

11,800 pounds of body solder with a value of $53.35 per 100 pounds from appellee's warehouse in Atlanta, Georgia, the alleged sale of said solder to appellant Sudderth and the alleged sale of same by Sudderth to Hyatt, each having knowledge that it had been stolen. The amount claimed jointly and severally against the three defendants was $6,297.37 as compensatory damages, along with punitive damages against each appellant in the sum of $5,000, it being alleged that the conversion was, in each instance, wilful and wanton. The jury returned a verdict against Poss for $2,000 compensatory, and $1,000 punitive damages; against Sudderth for $2,000 compensatory, and $1,500 punitive damages; and against Hyatt for $1,750 compensatory, and $1,000 punitive damages. Poss did not appeal, and Sudderth and Hyatt appeal separately—the appeals being by the parties consolidated for hearing before us—each assigning several alleged errors of the court below.[1]

Sudderth answered in effect that he had purchased approximately 4,000 pounds of solder from Poss, denying that he had any knowledge of defect in the title to the solder, and Hyatt likewise answered that it had purchased approximately 3,500 pounds of solder from Sudderth.

The evidence, except for two invoices, was introduced entirely by the appellee, including the introduction of Messrs. Hyatt and Sudderth as adverse witnesses. After appellee had cross-examined, they were not questioned or placed back on the stand by appellants. Except for the two invoices offered on behalf of the appellants, therefore, the evidence consisted of that introduced by the appellee. Besides the testimony of the defendant Sudderth and the ranking officer of the defendant Hyatt, appellee placed upon the stand a state officer who had made an investigation of the case and who had talked with Poss, Sudderth and Hyatt. The statements he attributed to these three were admitted without objection. This evidence warranted the jury in finding that the facts attending the transactions giving rise to the suit were these:

Poss was employed as a truck driver for Central Truck Lines and was accustomed to pick up shipments from appellee's Atlanta warehouse, sometimes after those in charge of the warehouse had left in the afternoon. Poss had a rather free run of the warehouse and after getting bills of lading from the office, would go into the warehouse and pick up and load on his truck the items called for therein. It was while these practices were being pursued that Poss pilfered the 30%-tin solder which he sold to Sudderth and Sudderth sold to Hyatt, both having knowledge of sufficient facts to indicate that it had been stolen.

The records of inventories indicated a shortage of this particular item of 11,475 pounds during the period from May 25, 1954 to October 28, 1955. Poss sold to Sudderth, an automobile repairman, 4,000 pounds or more of this solder at a price considerably below the wholesale market price and made delivery to Sudderth from the trunk of his personal automobile. Sudderth sold a like amount to Hyatt, a dealer in automobile parts and supplies, also at a price considerably under the wholesale market price; and the investigating officer found in Hyatt's place of business 4,000 pounds of appellee's solder which had plaintiff's name on the cartons in which it was contained. Hyatt was a

[1] 1. That the jurisdictional amount of $3,000 was not involved:

2. That the complaint failed to state any joint action against the three defendants, and their motions that the action proceed to trial as to each defendant separately should have been granted;

3. That a mistrial should have been entered by the court below when the attorney for Poss stated before the jury that Poss had entered a plea of nolo contendere to a criminal charge against him;

4. That the proof failed to sustain the charge against either of said appellants that they had reason to believe that the lead was stolen; and

5. That punitive damages are not authorized under the Georgia Trover Statutes, and were not justified by the evidence in the case.

distributor for appellee's solder, and its salesmen had been unable to interest him, during the period, in the purchase of appellee's products at the prevailing market price. Messrs. Sudderth and Hyatt, when placed upon the stand by appellee, did not give satisfactory explanations of the deals by which the solder had been acquired at such a low price.

Under the Supreme Court's decision in Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15, we think that the court below properly denied appellants' motion to dismiss the complaint for failure to allege facts entitling the appellee to recover in excess of the jurisdictional amount of $3,000. In that case, the district court had dismissed Bell's complaint, and we had affirmed its action [2] upon the ground that Bell's claim of $200,000 damages to himself on an insurance certificate in the amount of $1,000 was entirely colorable and was made for the purpose of conferring jurisdiction and that it was "legally inconceivable" that he would be entitled to a judgment for more than $1,000. Citing its decision in St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed. 845, holding that "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction," the Supreme Court sustained Bell's complaint because it found itself "unable to say that under petitioner's complaint evidence could not be introduced at a trial justifying a jury verdict for actual and punitive damages exceeding $3,000." [320 U.S. 238, 64 S. Ct. 7]

■ Aside from the fact that there is no showing that appellee here was not claiming punitive damages in good faith, it had lost through pilferage a quantity of solder whose value was greatly in excess of the $3,000 limit, and there is no showing that it was not justified in alleging and attempting to prove that all of this solder had been handled by all of the defendants in the same manner the 4,000 pounds had admittedly been handled.[3]

■ The several efforts of appellants to require the parties to be separated and separate trials to be held in the court below were and are not backed by convincing authority, and there is no showing that any prejudice resulted from the prosecution of the claims against the three defendants in one action. The situation comes squarely within the purview of Rule 20 F.R.Civ.P., 28 U.S.C.A.[4] The trial court had the discretion to order separate trials under the Rule, but the decision of this procedural matter rests with the trial judge, 3 Moore's Federal Practice, 2d Edition, p. 2740, and we find no abuse of discretion here.

■ It was not proper for the attorney for Poss, in his opening statement to the jury, to advert to the fact that Poss had entered a plea of nolo contendere and had been punished in the state court,

---

2. Bell v. Preferred Life Assurance Society of Montgomery, 5 Cir., 1942, 131 F.2d 516, 518.

3. The fact that, in the criminal proceeding against Poss, he was accused of converting lead of a value less than $3,000 does not convict the appellee of bad faith. Doubtless the state officials determined the amount of pilferage with which he should be charged and limited the amount to a figure which could certainly be proved and which was sufficient to bring the charge within the category of a felony.

4. "(a) Permissive Joinder. * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

And cf. also Rules 18 and 21; Texas Employers Insurance Association v. Felt, 5 Cir., 1945, 150 F.2d 227, 160 A.L.R. 931; and 3 Moore's Federal Practice, Second Edition, pp. 2722 et seq.

this being in violation of a pre-trial order. As soon as the question was raised the court charged the jury to disregard the statement. This cured the error, and the court below had the discretion to deny the requested mistrial. Moreover, the officer who investigated the case testified to Poss' admissions that he had stolen the solder. The cautionary charge to the jury was, therefore, in the nature of a windfall for the appellants and we find no reversible error in connection with the episode.

The question of whether punitive damages were recoverable in an action such as this was vigorously argued before the court below and the argument is repeated before us. When the question was first pressed before the trial court it seemed much in doubt about it. It proceeded, however, to submit to the jury, under proper instructions, the question of punitive damages and due exception was taken by appellants.[5] The court gave detailed study and consideration to the cases in passing upon the motions for new trial and for judgments n. o. v. and rendered an opinion acknowledging that "The question is not without difficulty," but deciding that it had properly submitted the question to the jury.[6]

In its opinion the court quoted the sections of the Georgia Code dealing with Trover [7] and decided, contrary to appellee's contention, that, under such cases as Mitchell v. Georgia & Alabama Railway, 111 Ga. 760, 36 S.E. 971, 51 A.L.R. 622, the general statute authorizing the award of punitive damages in tort actions [8] should apply. It adverted to the fact that the statutes covering trover and punitive damages had been of force in Georgia from a date preceding the year 1860, and that there was no Georgia decision excluding punitive damages in cases of unlawful conversion. It felt that such cases as Sapp v. Howe, 1949, 79 Ga.App. 1, 52 S.E.2d 571, Louisville & N. Railroad Co. v. Earl, 1913, 139 Ga. 456, 77 S.E. 638; and Beaver v. Magid, 1937, 56 Ga.App. 272, 192 S.E. 497, tended to support the allowance of punitive damages in such actions.

**5.** "The court set aside the jury's award of punitive damages against Poss, because by the criminal action he had been punished."

**6.** Here is a part of its opinion:

"In the case at bar the plaintiff in this trover action has elected not to recover the goods in question, but to recover 'damages equal to the value of the goods wrongfully withheld' and has also elected to take the highest proven value of such goods from the date of conversion to the date of trial, and not to take 'damages * * * for the property alone, and its hire.'

"Nothing contained in the Georgia statutes above cited, or the decisions of the Georgia courts construing the same, make any reference to punitive damages, nor is there anything to indicate that the legislature, in defining the various measures of damages the plaintiff might elect, was considering any type of damages except compensatory damages. There is not the slightest intimation that bad faith upon the part of the defendant would affect the measure of plaintiff's recovery. For that reason it seems clear that the legislature in enacting § 105-2002 as to punitive damages, made the same applicable to 'every tort' including the tort of unlawful conversion of personal property."

**7.** Title 107–§ 103. *"Plaintiff may recover highest amount proved.*—In estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial."

Title 107–§ 105. *"Plaintiff may elect verdict.*—The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect."

**8.** Georgia Code, Title 105, § 2002. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff."

The court charged the jury specifically that no amount should be awarded in this case as compensation for the wounded feelings of the plaintiff (appellee).

It distinguished the cases relied upon by appellants [9] by pointing out that they involved the conversion of timber with respect to which the Georgia Code provides a specific measure of damages applying to wilful trespassers as differentiated from innocent trespassers.[10]

In line with the practice generally followed in such a situation [11] we accord great weight to the decision of the learned trial judge as to the local law of his own state in which he has had long experience. A careful reading of the statutes and of the decisions, moreover, confirms the correctness of his reasoning and his conclusions. It is not amiss to point out, also, that punitive damages are generally allowed in trover actions where the proof meets the standards prescribed,[12] and we find nothing in the Georgia statutes or decisions which indicates a purpose to reject the general rule.

Being convinced from a reading of the record that the verdict of the jury was justified by the evidence and that the court below committed no reversible error in the trial of the case, the judgment is

Affirmed.

9. E. g., Taylor **v.** Hammack, 1940, 61 Ga.App. 640, 7 S.E.2d 200; Tennessee, Alabama & Georgia R. Co. v. Zugar, 1942, 193 Ga. 386, 18 S.E.2d 758; and DeBardelaben v. Coleman, 1946, 74 Ga. App. 261, 38 S.E.2d 589.

10. Title 105–§ 2013. *"Measure of damages for timber cut.*—Where plaintiff recovers for timber cut and carried away, the measure of damages is:
"1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, *without deduction for his labor or expense.*
"2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, *less the value he or his vendor added to the property.*" [The supplied emphasis illustrates the penal character of the damages to

be awarded against one guilty of a deliberate Act.]

11. Macgregor v. State Mutual Co., 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 846; Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246; Hillsborough Tp. Somerset County, N. J. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358; Steele v. General Mills, Inc., 329 U.S. 433, 67 S.Ct. 439, 91 L.Ed. 402; Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; and Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199.

12. 53 Am.Jur., Trover and Conversion, § 104, page 895; 89 C.J.S. Trover and Conversion § 148(b), p. 630; and annotation in 54 A.L.R.2d at page 1361 et seq. entitled "Punitive or Exemplary Damages for Conversion of Personalty by One Other Than Chattel Mortgagee or Conditional Seller." See especially pp. 1365 and 1395 et seq. of said note.