## 48030. WALKER et al. v. GREENE.

DEEN, Judge. The plaintiff Greene, contending in his two count trover petition that he was entitled to damages for the wilful cutting and removal of saw timber and pulpwood from his land, sued Albert, Alton and Robert Walker who had ordered the timber cut, and Keadle Lumber Enterprises, Inc., which had bought and converted it to lumber. Keadle, which had purchased the trees from A. C. Matthews (who did the actual cutting and hauling at the behest of the Walkers) filed a third party complaint and had him joined as a third party defendant. A motion for summary judgment by Keadle stipulating the amount and value of timber purchased by it from Matthews during the time in question, became the basis of an order limiting its liability to the amounts paid by it to Matthews and/or the Walkers as shown by the listing together with a judgment over against the Walkers for any such liability, and leaving for jury determination the question of whether the timber was cut from the plaintiff's land and, if so, whether the trespass was wilful. From a verdict in favor of the plaintiff the defendants appeal. *Held:*

1. The evidence, where conflicting, is construed in favor of the verdict. There was evidence resulting from a stumpage cruise to indicate that pine timber was cut substantially over the amount shown by the Keadle list. There is also evidence that some small amounts of hardwood were cut in one location, and the Keadle list includes payments for various types of hardwood amounting to over $700. Although the amount of pine

stipulated as having been purchased by Keadle is less than the amount estimated on the basis of stumpage, the judgment against Keadle based on its own stipulation of amount purchased and prices paid for each type and grade of lumber (and for which it also received a judgment over against the other defendants) is binding on it so far as amount is concerned. The propriety of the judgment is discussed in the next headnote.

2. The timber cut lay in land lot 191 of the land district involved. Greene had record title to this tract of land and according to the preponderance of the evidence the Walkers did not, but owned in land lot 192 and other land lots. Further, there was evidence as to markings made by a predecessor in title of Greene which were observed by Matthews when he did the cutting, and he knew they were placed there by a person in the Greene chain of title. Matthews cut where the Walkers instructed him. A plat introduced by the Walkers to show land claimed by them in land lot 191 also showed, by comparison with other maps, that much of the cutting was done in areas which under their own contentions they did not own. For all these reasons the judgment against them was fully authorized and was not in excess of the value of the proved amounts of timber cut.

3. The trial court did not err in giving in charge Code § 105-2013 relating to the measure of damages for the wrongful cutting of timber. That part of the Code which states that an innocent trespasser is liable for the value at the time of conversion "less the value he or his vendor added to the property" is irrelevant, since there is no evidence that the cutting of the timber *added* any value, but it is if anything favorable to the appellants and gives no cause for reversal. Where the plaintiffs carry the burden of proof that they own the land from which the timber was cut, "such proof casts

the burden upon the defendants to prove that . . . the trespass was unintentional." *McCann Lumber Co. v. Hall,* 77 Ga. App. 455, 459 (49 SE2d 150). The court correctly charged on the measure of damages.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED APRIL 2, 1973 — DECIDED APRIL 13, 1973.

*W. B. Mitchell, Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellants.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.