32673.  COLEMAN *v.* GARRISON *et al.*

DECIDED NOVEMBER 1, 1949.

*Harris, Henson & Spence,* for plaintiff in error.
*Herbert Johnson, Ross Arnold,* contra.

SUTTON, C. J.  This was an action for damages by R. R. and Anna Elizabeth Garrison against Arthur Coleman in the sum of $2700. It was alleged in the petition: that R. R. and Anna Elizabeth Garrison were the owners and in possession of land lot 265, first district, second section, old Milton County, now Fulton County, Georgia, said lot of land being described by metes and bounds in the petition; that there were growing upon said land 20 pine trees averaging 28 inches in diameter at the stump, and 4 oak trees between 24 and 36 inches in diameter at the stump, and the pine trees were suitable for lumber to the height of approximately 100 feet and the oak trees were suit-

able for lumber to the height of approximately 60 feet; that the defendant was engaged in the lumber business including the cutting of trees and their conversion into lumber which was sold at retail prices on the market, and the defendant, acting through his agents and employees, did knowingly, intentionally, and wilfully enter upon said land of the plaintiffs and cut and remove in wilful trespass the pine and oak trees above described, and converted them into lumber; that the value of said trees and timber felled was the sum of $100 for each tree, which was the value of said property at the time demand was made upon the defendant before bringing this suit, without deducting for labor and expenses on the part of the defendant; that the defendant left branches, limbs, and other debris on the plaintiffs' property, which are unsightly, are a fire hazard, and will attract wood borers which might attack the rest of the plaintiff's trees, and it will cost the plaintiffs $300 to remove the branches, limbs, and debris. The plaintiffs sued for $2400 for the timber cut and carried away, and for $300 for the cost of removing the branches, limbs, and debris left on the property by the defendant. The defendant answered and denied any liability to the plaintiffs.

Both sides submitted evidence on the trial of the case and the jury returned a verdict for the plaintiffs for $750. The exception here is to the judgment overruling the defendant's motion for a new trial. The sufficiency of the evidence is challenged in an exception to the charge of the court in special ground 4 of the motion for new trial, and this feature of the case will be considered in dealing with that ground of the motion.

■ "Where plaintiff recovers for timber cut and carried away, the measure of damage is: 1. Where defendant is a wilful trespasser, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense. 2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property." Code, § 105-2013.

■ The plaintiff in error contends in special ground 1 of the motion for new trial that the court erred in admitting over objection the following evidence of R. R. Garrison: "Q. Now is the property owned by you and Mrs. Garrison the property that

is within these four straight lines (exhibiting to the witness a sketch or plat)?  A. Yes, sir," on the grounds: "(a) said question called for a conclusion on the part of the witness; (b) that there was high and better evidence of ownership of said land; (c) that the correctness of the plat exhibited to the witness had not been established as representing the diameter or boundaries of the lands in question." Immediately preceding and in connection with the evidence objected to, R. R. Garrison testified: "I am married to Anna Elizabeth Garrison. She and I are the plaintiffs in this case. That is the property described in the deed that I have just been shown, the property that is concerned in the suit before this court this morning. The deed from Frederick Holbrook Hadley to R. Rodney Garrison describes the same property that is involved in this suit before the court this morning. This property described in these deeds . . is the same property as this plat illustrates. The property within these four straight lines is the property owned by Mrs. Garrison and myself. I mean to say the property within the four straight lines on the map." The witness testified that E. L. Boggus, a registered surveyor, surveyed his land and made the plat for him. E. L. Boggus later testified: "I did make this survey as shown by this plat. That survey is a true and correct representation of the land described in the deed which it is made from." The plat and deed were both introduced in evidence. In these circumstances, special ground 1 shows no error.

■ It is complained in special ground 2 that the trial court erred in excluding the following testimony of Arthur Coleman, the defendant: "We had a ceiling price on lumber at the time this lumber was cut, and they held us down to it—$29 per thousand board feet for framing work and $32 per thousand feet for framing," for the reason that this permitted the jury to fix a higher valuation on the lumber than that permitted by law. This ground of the motion is without merit. The brief of the evidence shows that the defendant testified with respect to this lumber: "I think I was selling under the ceiling price at that time, $29 for framing, $32 for board feet lumber. That was the ceiling price. You know we had a ceiling price that they held us down and I think I was selling under the ceiling price at that time; $29 for framing, $32 for board feet lumber." He then testified:

"I believe I sold that after the ceiling price went off. You asked me do I remember how much I sold it for. Well, I sold it for about $42 a thousand after the ceiling price come off. We got different prices, but I could not tell you whether I sold this under the ceiling price or before. I think it was after the ceiling price come off."

■ It is contended in ground 3 of the amended motion that the following charge: "On the other hand, gentlemen, if you should believe that the defendant did trespass upon the property of the plaintiffs and cut trees therefrom, then you would consider what amount of damages plaintiffs are entitled to recover, if any. Our law provides where the defendant is a wilful trespasser, the full value of the property, at the time and place of demand or suit, without deduction for his labor or expense, is the measure of damage," was error and tended to confuse the jury into thinking that the measure of damage was the value of the land instead of the value of the timber cut. This charge was not error. The judge was instructing the jury as to the measure of damages for the timber cut and sued for, not as to the value of the land.

■ It is contended in special ground 4 of the motion that the following charge was error: "So you look to the evidence, gentlemen, and if you determine that this defendant did trespass upon the property of the plaintiffs, and you find from the evidence that the defendant had cut timber belonging to the plaintiffs, and it was on the plaintiffs' land, according to what you find to be the proper line, you would then determine whether or not it was cut in good faith or bad faith. If it was cut in good faith, that is, if the cutting and removal of the timber by defendant was in good faith, honestly believing that it was his timber, and that he had a right to cut and remove it, and you should determine that it was not his timber, then the defendant would be only liable for the value per thousand feet of the timber as it stood when he cut it and not the value of its manufacture into lumber. On the other hand, gentlemen, if you find from the facts in this case that defendant cut and removed timber from the land of the plaintiffs, and it was not done in good faith, and he was not doing so honestly believing that he was cutting the timber that belonged to him, and it was done in

bad faith, then the plaintiffs would be entitled to recover the value of the timber after it was manufactured into lumber," for the reason that it submitted to the jury an issue unsupported by any evidence, the issue as to whether the alleged cutting and removal of timber was done in bad faith. This charge embodied a correct principle of law in this kind of a case and we think the charge was authorized under the facts of this case. We will briefly refer to the evidence.

R. R. Garrison, one of the plaintiffs, testified, in part: that he and his wife, Anna Elizabeth Garrison, were the owners and in possession of land lot 265 as described above, and had owned this land for many years; that the defendant cut some timber on the land that adjoined the plaintiffs' property on the west and went over the line onto the plaintiffs' land and cut 22 pine trees and 2 oak trees averaging 28 inches in diameter, said trees being virgin timber and being of the value of $100 each; that the defendant did not own the adjoining lot of land but had his sawmill located thereon; that the west line of the plaintiffs' property was marked by iron stakes, there being one at the south end of the line and one at the north end, and these stakes had been there for many years, and the west line of the plaintiffs' land runs straight between those stakes, and there is also an old barbed wire fence that runs part of the way with this west line of their property; that E. L. Boggus surveyed the plaintiffs' land and made the plat (which was handed to the witness while on the stand testifying and later introduced in evidence) and that the witness went to see the defendant after he found out that the defendant had been cutting timber on their property and he also wrote the defendant a letter about this timber but never received one word from him. He testified that it would cost from $300 to $400 to remove the tree tops and clean the debris from his land where the trees were cut.

E. L. Boggus testified, in part: that he was a civil engineer and land surveyor with 18 years' experience and that he made the survey as shown by the plat exhibited to him and that the survey was a true and correct representation of the land described in the plaintiffs' deed; that the survey was made at the instance of R. R. Garrison and that there was an iron pin at the southwest corner of the west line as shown by the plat and

another at the northwest corner and these iron stakes looked like they had been there for a long time, 5 or 10 years; that he also saw the remains of a barbed wire fence which followed the straight line as shown by the survey and was approximately on the west line of the plaintiffs' land and that lot 265 is a full lot and contains 39.5 acres.

J. T. Waldrup testified, in part: that he was familar with the plaintiffs' property as shown by the plat and had known it practically all his life and that his land adjoined this property on the east, and he was familiar with the two iron pin corners on the west line of the plaintiffs' property and that they had been there for many years; that he had recently gone over the plaintiff's land and there were something like 20 trees that had been cut on the east side of this land line, and he estimated that there were at least 15,000 feet of lumber in those trees, and the fair market value of lumber at the time these trees were sawed into boards was about $90 to $95 per thousand feet; he estimated the market value of these trees on the stump was $20 per thousand feet; and that the pine trees were virgin timber and resembled forest pine.

The defendant testified, in part: that he purchased the timber on the tract of land that adjoined the plaintiffs' land on the west, in August, 1946, and that he had the east line of the timber tract (which was the west line of the plaintiffs' land) surveyed before he cut the timber; that he saw the iron pin corners referred to and also saw the remains of the old wire fence; that in surveying this line they commenced at the iron pin corners on the south end of the line, but the surveyor, J. M. Dodd, ran from there to a point about 33 feet west of the iron pin corner which the plaintiffs claim at the north end of the tract of land; that he cut the timber on the tract of land between the line he had run and the line claimed by the plaintiffs without consulting R. R. Garrison or any other landowner about the line, and the fair market value of the trees cut on this tract of land would be $8 per thousand; that he did not remember whether he sold the lumber for $29 or $32 per thousand, under the ceiling price, or whether he sold it at $40 or $42 per thousand after the ceiling price was taken off, but he believed he sold it after the ceiling price went off; that when R. R. Garrison went to see him after he cut the timber in question he told Mr. Garrison he was will-

ing to have the line surveyed again and would pay half of the expenses therefor and would also pay him for any timber that he had cut on Garrison's land, but this was denied by R. R. Garrison's testimony.

J. M. Dodd, who made the survey for the defendant, and L. F. Burtz, who helped in making the survey, both testified as to the line they surveyed and also that they saw the iron pins and remains of the old wire fence along the line now claimed by the plaintiff.

There was other evidence introduced by the defendant and the plaintiffs, but from a consideration of all of the evidence and facts in this case we are of the opinion that it was a jury question as to whether the trespass was wilful or innocent on the part of the defendant. "The question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party." *Tennessee, Alabama & Georgia Ry. Co.* v. *Zugar,* 193 *Ga.* 386 (3) (18 S. E. 2d, 758). "Where a trespass and removal of timber are shown, and a suit is instituted for the full manufactured value of the lumber, the burden is on the defendant, where a taking is shown, to establish that the taking was unintentional or in good faith, and also the value that has been added to the property by the expenditure of labor and money on it. Unless this be shown, the plaintiff whose property has been converted is entitled to the full value of the property in its manufactured state." *Taylor* v. *Hammack,* 61 *Ga. App.* 640, 641 (7 S. E. 2d, 200). If the trespass was wilful, as the jury evidently determined, the amount of the verdict was well within the range of the evidence.

■ The verdict was authorized by the evidence and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*