60183. MARTIN et al. v. CITY OF ATLANTA.
60184. MARTIN et al. v. HUDGINS & COMPANY, INC.

McMURRAY, Presiding Judge.

In August, 1975, a disastrous fire virtually destroyed the Fellowship Holiness Church, located at 315 Alverstone Drive, S. E., Atlanta, Fulton County, Georgia. There was some fire insurance and a mortgage on the church. However, members of the church endeavored to rebuild the church, that is, by cleaning up the remaining property, and using the standing walls, the floor of the auditorium and the basement. Commencing in May, 1977, and working for approximately a month, the church members contend they had cleaned up the property and hired a contractor who had hauled away the rubbish, cleaned and landscaped the lot, when a contractor employed by the City of Atlanta pushed down the basement and foundation of the church and buried all of the foundation, the basement and stacked lumber when "the lot was completely clean and there was no unsound structure on it." Upon discovery of the action by this contractor one of the plaintiffs contends "[w]e went immediately to the Church ground . . . and . . . asked them why had they pushed down the basement and foundation when the place was already cleaned up and all the rubbish removed, and we asked them couldn't they see that the grounds had been landscaped and grass been planted and they said, 'Yes,' but they said they had been out of work and they had to find something to do to take care of their families, and they said it in front of many witnesses."

The City, however, contends that, based upon an ordinance providing for in rem proceedings against dwellings, buildings and structures unfit for human habitation or occupancy providing for due notice to the owners of and/or parties at interest, it adopted another ordinance, approved February 24, 1976, following a hearing held in conformity to the in rem proceedings and notice against such dwellings on November 26, 1975. An enforcement officer had determined that numerous properties in the City were unfit for

human habitation or occupancy and could not be improved, repaired or altered at a cost of 50% or less of the value thereof. The enforcement officer was ordered forthwith to vacate, remove, or demolish and clean up the premises of these buildings, dwellings, or structures, including the property known as 315 Alverstone Drive, S. E.

It is apparent that on November 14, 1975, an alleged trustee of the church was served with a notice of the in rem hearing and that no members or trustees or representatives of the church appeared at the November 26, 1975, hearing. Thereafter, on December 8, 1975, the City contends it again served the same alleged trustee as to the results of the in rem hearing on November 26, 1975, and that this notice also informed the church it would have 30 days in which to remove or demolish the structure. The City contends that the property was not brought into compliance within the requisite time and that it contracted with Hudgins & Company, Inc., for the demolition of the structure at 315 Alverstone Drive, S. E. It contends that at that time the property was found to be in the same condition or very similar to that in 1975 and that the demolition was commenced and completed on June 25, 1977.

Whereupon, after giving the ante litem notice to the City, the trustees of Fellowship Holiness Church brought an action for damages against the defendants Hudgins Company (which answered as Hudgins & Company, Inc.) and the City of Atlanta. Plaintiffs allege a wilful trespass demanding actual and punitive damages plus reasonable attorney fees.

The defendants answered separately, denying the complaint and admitting only jurisdiction. The City contends that its action was in the performance of governmental functions and was authorized pursuant to the laws of Georgia and valid ordinances of the City. Defendant Hudgins claims that the work it had performed in the demolition and clearing of the real property located at 315 Alverstone Drive, S. E. Atlanta, Fulton County, Georgia, was performed pursuant to law. Further, it was done only after all conditions precedent were fully performed by the defendants, and it acted at the special insistence of the defendant City of Atlanta. Consequently, it is not liable for any damages.

After discovery which included certified copies of the ordinances of the City and various affidavits with reference to the service of notice upon the alleged trustee of the church and other evidence, both defendants separately moved for summary judgment. After a hearing the motions were granted. Plaintiffs appeal. *Held:*

1. The defendant City argues that it followed all due process requirements for the giving of notice with reference to the

proceedings in finding that the demolition of this building was necessary and that it was performing a governmental function protected by the Constitution of Georgia (Art. IX, Sec. IV, Par. IV; Code Ann. § 2-6104 and Code § 69-301).

Defendant Hudgins & Company, Inc., argues and contends that any damage to a claimant's property which is a direct and natural result of public work performed by a contractor pursuant to its contract with a governmental entity, and which is not the direct and natural result of any negligence on the part of the contractor in the manner of performing the work, is not actionable with respect to the contractor who performs the work. See *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376, 378 (157 SE2d 493). Defendant Hudgins further argues that the evidence discloses that any possible claim of negligence on its part is vitiated by the specific approval of the demolition inspector to proceed with the clearing of the lot. See *C. W. Matthews Contracting Co. v. Wells,* 147 Ga. App. 457 (249 SE2d 281). However, plaintiffs' evidence discloses that this defendant had knowledge the property needed no clearing of debris, etc. Compare *Gunter v. Logue,* 138 Ga. App. 868, 869 (1, 2) (227 SE2d 773). See also *Haas & Howell v. Godby,* 33 Ga. App. 218 (1), 222-223 (125 SE 897).

2. It is indeed unfortunate that there seems to have been a failure of communications between the trustees, representatives and members of the church and the City in this instance. From the evidence submitted it appears that there has been no complaint as to notice upon the trustee (who is not at present a trustee of the church) with reference to the in rem proceedings. The evidence submitted by the trustees discloses that the City of Atlanta had informed the church "that the mess caused by the fire would have to be cleared up."

However, an issue of fact remains as to whether or not the area where the church stood on the lot had been cleared at the time that the contractor, Hudgins & Company, Inc., allegedly cleared up the lot. The evidence by the City in support of the motion is that the property had not been cleared and that the City was acting fully within its governmental function in employing a contractor to clear the lot. The City offered in evidence an affidavit in which the affiant deposed that a few days prior to the demolition of the property the demolition inspector found the property in much the same condition as it was in 1975. But the affidavits of one of the trustees, setting forth the history following the disastrous fire, disclose that 20 loads of rubbish from the lot had been removed and that the lot was clear of debris except for loose bricks placed in a neat pile and that at the time Hudgins & Company Inc., "cleaned off the lot as they call it, the lot

was completely clean and there was no unsound structure on it." Accordingly, there is conflicting testimony as to whether there existed any "dwellings, buildings, or structures . . . unfit for human habitation or occupancy . . . [which] . . . could not be improved, repaired or altered at a cost of fifty per cent (50%) or less of the value of the dwellings, buildings, or structures, exclusive of foundations, after the improvements have been made," so as to authorize the City to clear the lot as a governmental function. The evidence must be construed most favorably to the one opposing the motion. *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App 718, 719 (1) (200 SE2d 918); *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Brown v. Sheffield,* 121 Ga. App. 383, 388-390 (173 SE2d 891); *Kaplan v. Sanders,* 136 Ga. App. 902, 904 (4) (222 SE2d 630), and cases cited therein; s. c. reversed in part in 237 Ga. 132 (227 SE2d 38); see 139 Ga. App. 624 (229 SE2d 106).

3. While the plaintiffs now argue extensively as to the issue of knowledge by the trustees as to the in rem action, we do not reach this question. An issue of material fact remains as to whether the lot needed clearing at the time that Hudgins & Company, Inc., did the alleged "cleaning." Hence there may have been a taking of private property in violation of the constitutional mandate not to do so without payment of just and adequate compensation. While as stated in Division 1, Hudgins & Company, Inc., may not be liable for damages to private property resulting from the work performed unless that damage results from the contractor's negligence or wilful tort, nevertheless, if, as contended by plaintiffs, the lot needed no clearance, the defendant Hudgins entered the property at its peril with knowledge that no clearing of the area was necessary. An issue of fact remains both as to the activity of the defendant City and the defendant Hudgins in clearing the lot, that is, if the evidence at trial discloses, that no such clearance was necessary at the time it was done.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted July 1, 1980 — Decided September 8, 1980.

*Scott Walters, Jr.,* for appellants.
*Ferrin Y. Mathews, Ben Kingree, III, Pamela Robinson Simmons, Robert A. Barnaby, II,* for appellees.