A97A1242. YOUNG et al. v. FAULKNER et al.
(492 SE2d 331)

SMITH, Judge.

This is the second appearance in this Court of this suit for damages for trespass on real property by wrongful cutting and conversion of timber. In *Young v. Faulkner*, 217 Ga. App. 321 (457 SE2d 584) (1995) (*Young I*), we affirmed the trial court's grant of partial summary judgment to the plaintiffs, Esbon Faulkner and Mary Young, on the issue of ownership of the land in issue. After remittitur, Faulkner and Young moved for partial summary judgment on the issue of the wilfulness of the trespass by the defendants W. D. Young, the adjoining landowner, Mark Lott d/b/a Lott Timber Company of Irwin County, Georgia, who cut the timber, and Southern Timber Products, Inc., to whom it was sold. The trial court again granted the plaintiffs' motion for partial summary judgment, and the defendants again appeal. The issue of wilfulness is important because the measure of damages for the trespass (which was established in *Young I*) is different when the trespass is wilful from that when it is unintentional.[1] We conclude, as did the trial court, that the trespass was wilful as a matter of law, and we therefore affirm.

---

[1] OCGA § 51-12-50 provides that "[e]xcept as provided in Code Section 51-12-51, where plaintiff recovers for timber cut and carried away, the measure of damage: (1) Where defendant is a willful trespasser, is the full value of the property at the time and place of demand or when an action is brought without deduction for his labor or expense; (2) Where defendant is an unintentional or innocent trespasser or an innocent purchaser from such trespasser, is the value at the time of conversion less the value he or his vender added to the property; and (3) Where defendant is a purchaser without notice from a willful trespasser, is the value at the time of his purchase."

W. D. Young does not deny that he cut the timber on property that the trial court and this Court have determined belonged to the plaintiffs. He denies, however, that he did so wilfully. He states in his affidavit submitted in opposition to the second motion for partial summary judgment that he cut the timber only after discussing "the property with a surveyor familiar with the land and with an adjoining landowner," and after further reviewing the tax records for the property and concluding that he owned it. He contends that he cut the timber in an honest belief that he owned the property. Defendant Young does not specifically so state in his affidavit, but this belief appears to be based upon an error in the security deed of a predecessor in title referring to Young's property as four acres, when the tract was apparently only two and one-half acres.

The burden was on defendant Young to show that his trespass was innocent. *Taylor v. Hammack*, 61 Ga. App. 640 (2), 641 (7 SE2d 200) (1940). See also *Coleman v. Garrison*, 80 Ga. App. 328, 334 (5) (56 SE2d 144) (1949); *Cooper v. Brock*, 77 Ga. App. 152, 155 (48 SE2d 156) (1948). "[A] wilful trespasser can be defined in general terms as one who knows that he is wrong, while an innocent trespasser is one who believes that he is right. [Cit.] The question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. [Cits.]" *Tennessee, Alabama & Ga. R. Co. v. Zugar*, 193 Ga. 386 (3) (18 SE2d 758) (1942).

Young's "belief" notwithstanding, it is clear he had notice that his belief may have been unsound. He nevertheless proceeded to cut the timber across a clearly marked boundary line. The record shows that the southern boundary line of plaintiffs' property formed the northern boundary of the property belonging to defendant Young. The plaintiffs inherited their property, and it has been in their family since at least 1916. Young purchased his property from the heirs of Carl Brown, Sr. in 1990. The boundary line, marked by an old fence, was visible. It was again marked with red surveyor's tape and red flags, which were still clearly visible at the time of the cutting in issue. It is uncontroverted that defendant W. D. Young directed Lott to cut the timber on his property. When plaintiff Mary Young noticed Lott elsewhere with logging equipment, she approached Lott to ensure he knew where the boundary lines were between the plaintiffs' property and that of W. D. Young. He "specifically informed [Mary Young] that he would be sure where the lines were located and established" before cutting. Shortly thereafter, he cut timber across the boundary line on the plaintiffs' property even though the boundary line was clearly marked.

Moreover, Ben Mills, Jr., the attorney who represented the

Brown heirs who sold the property to defendant W. D. Young, submitted an affidavit in support of the plaintiffs' motion for partial summary judgment. Mills stated that the property was advertised as containing only two and one-half acres, and an announcement was made at the public sale setting forth clearly that the tract contained only two and one-half acres.

Had defendant Young wished to do so, he could have tested his "belief" regarding the boundary line in the courts. He did not do so, and we have no hesitation in agreeing with the trial court that his trespass was not innocent.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 23, 1997.

*John T. Croley, Jr.*, for appellants.
*Rogers & McCranie, Murphy Rogers*, for appellees.